

**Signed and Filed: February 13, 2026**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

```
                UNITED STATES BANKRUPTCY COURT

               NORTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| In re | ) Bankruptcy Case No. 24-30431-DM |
| BLYTH ANDREA BUTLER-LOPEZ, | ) Chapter 7 |
| Debtor. | ) |
| PATRYCJA SAYARAD, | ) Adversary Proceeding |
| Plaintiff, | ) No. 24-03033-DM |
| v. | ) Hearing Held |
| BLYTH ANDREA BUTLER-LOPEZ, | ) Date:  January 16, 2026 |
| Defendant. | ) Place: Courtroom 17, 16th Floor<br>450 Golden Gate Ave<br>San Francisco, CA<br>Or via Zoom |

**MEMORANDUM DECISION ON PLAINTIFF'S MOTIONS
FOR DISCOVERY SANCTIONS AND RULE 11 SANCTIONS**

**I.   INTRODUCTION.**

On January 16, 2026, the court held a hearing on Plaintiff's Motion for Sanctions Re: Discovery ("Discovery Motion") (Dkt. 195) and Plaintiff's Motion for Sanctions Pursuant to Rule 11 (FRBP 9011; BLR 9011-1) and the Court's

-1-

Inherent Powers ("Rule 11 Motion") (Dkt. 183) (together, the Motions). The court took the matters under submission thereafter. For the reasons set forth below, the court will GRANT both Motions.

## II. DISCUSSION.[1]

### A. The Discovery Motion.

The Discovery Motion seeks terminating sanctions due to Defendant's spoliation of electronic evidence, and for violations of court orders regarding discovery. The court is satisfied that Defendant has acted impermissibly regarding her duties surrounding electronic discovery, document discovery, and compliance with court orders.

#### 1. Defendant Intentionally Spoiled Electronic Evidence.

Defendant has been a party to litigation that directly implicates electronically stored information since June 2022 (Dkt. 1, referencing underlying state court case 22CV013251 in Alameda County Superior Court). Defendant had a duty to preserve electronically stored evidence in connection with that litigation since at least that time. *Victor Valley Union High School Dist. v. Superior Court*, 91 Cal. App. 5th 1121, 1140 (Cal. Ct. App. 2023) (duty to preserve evidence arises when litigation can be reasonably anticipated). When Defendant filed bankruptcy in June 2024, she remained under the duty to preserve electronically stored information, even if the litigation had

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

-2-

been paused by the automatic stay. State court litigation aside, since the time Plaintiff filed this Adversary Proceeding in September 2024, Defendant was well-aware of this continued (and new, under federal law) duty.

Despite this ongoing duty, at a hearing held on August 29, 2025, Defendant stated that she turned in her iPhone to her phone carrier in November 2024, then assigned the phone number that belonged to that iPhone to her minor son's phone, and that she has been sharing the phone with her son since that time. Minutes later (after being reminded of her duty to preserve evidence), Defendant testified that she turned in the phone prior to the initiation of this Adversary Proceeding in September 2024.

At the conclusion of the hearing, the court granted Plaintiff's request for further written discovery and for third-party examination of the phone that Defendant shares with her son. On September 5, 2025, the court signed an Amended Order Granting Plaintiff's Motion to Compel Further Discovery Responses ("Order") (Dkt. 98). In addition to compelling written discovery, the Order directed Defendant to "produce the phone described by Defendant's sworn testimony at the hearing and in accordance with Plaintiff's instructions and ESI discovery protocol" no later than two weeks after Defendant was sent those instructions.

After that hearing, Defendant filed four separate motions to stay the issuance or effect of the court's forthcoming Order, prior discovery orders, or any subpoena. (Dkts. 86, 88, 111, 115).

-3-

The court held a hearing on these motions on September 26, 2025. At the hearing, the court also considered Plaintiff's Counter-Motion for Preliminary Injunction (Dkt. 107), which sought to enjoin Defendant from further filings that would delay discovery or the progress of the adversary proceeding. The court held that Defendant violated the court's Order by failing to produce the phone and issued a final Order to Produce Phone (Dkt. 129). That Order to Produce Phone ordered Defendant to produce the phone described in the court's previous Order no later than 5 p.m. on October 1, 2025.

The phone then produced by Defendant, which she claimed to have been a phone that she and her son have used since either November 2024, or prior to September 6, 2024 (when this Adversary Proceeding was initiated), was a Samsung Galaxy S25+, which is an Android phone that was not available for public purchase until February 7, 2025. See Declaration of Thomas Howe in Support of Plaintiff's Motion for Sanctions Re: Discovery, Ex. 6 (Dkt. 195-2) (declaring under penalty of perjury and providing documentation that Samsung introduced the Samsung Galaxy S25 series on January 22, 2025, and made those products (including the S25+) available for public purchase on February 7, 2025). The only data found on the phone were downloaded images and text messages from September 27, 2025 through October 1, 2025.[2]

---

[2] The court notes that Mr. Howe's Declaration at Para. 21 contains what appears to be a minor error. That Declaration states that the text messages on the phone were sent and received between September 29-October 1, 2025, but the next paragraph discusses text messages sent on September 27, 2025.

-4-

The court is satisfied that Defendant has refused to produce or has otherwise spoiled electronic evidence which she had a duty to preserve. Defendant has intentionally failed to preserve electronic evidence, misled the court and the Plaintiff, and caused months of delay through these efforts.

## 2. **Defendant Violated Discovery Orders.**

Defendant has failed to comply with multiple discovery orders. On June 27, 2025, the court held its first hearing on Plaintiff's Motion to Compel Further Discovery Responses (Dkt. 50). At the conclusion of the hearing, the court ordered the parties to consensually resolve any remaining discovery disputes on or before August 12, 2025. If issues were not resolved by that point, Plaintiff was to file a status conference statement detailing what issues remained, and the court would enter an order on the Motion to Compel thereafter.

On August 11, 2025, Plaintiff filed a further Statement of Discovery Issues (Dkt. 74). In addition to the electronic discovery problems discussed *supra*, the Statement noted that Defendant still failed to produce certain documents and failed to provide a signed verification of amended responses.

The court then issued an Order Regarding Motion to Compel and Motion for Protective Order (Dkt. 76) ordering Defendant, on or before August 22, 2025: to deliver a signed verification of

---

All other paragraphs use a timeframe beginning with September 27, 2025. The court takes the Declaration as a whole and concludes the earliest texts found on the phone were sent on September 27, 2025, and further notes the two-day discrepancy is not material. That the only data found on the phone was created after Defendant was ordered on a final basis to produce the phone is what is material to the court's decision.

-5-

previous discovery responses; reproduce an illegible document in a legible format; and produce documents that Plaintiff's counsel was unable to open or access when Defendant previously sent those documents as purported email attachments.[3]

On August 26, 2025, Plaintiff filed a Declaration (Dkt. 80) confirming that Defendant failed to comply with the Order Regarding Motion to Compel and Motion for Protective Order. In response to Defendant's failure to comply with previous orders, the court issued a further Order on Motion to Compel (Dkt. 82), which set a further hearing on August 29, 2025 and ordered Defendant to bring a physical signed verification of amended discovery responses, and physical copies of documents represented as email attachments in Exhibits A and C of Defendant's Response to Plaintiff's Discovery Demands and New Claims (Dkt. 75).

At the hearing, Defendant brought a signed verification but failed to bring any legible documents as required.

Instead, Defendant claimed that the documents were on a thumb drive. When the court questioned why she simply could not produce the thumb drive that held the best copies of all documents to be produced, she claimed that she did not bring the thumb drive to court.

After the hearing, in the September 5, 2025 Order (discussed *supra* regarding Defendant's phone), the court ordered Defendant to produce the thumb drive Defendant described at the

---

[3] It appears to the court, from the exhibits submitted by Plaintiff, that the purported attachments were never actually file attachments, but merely .jpeg images made to look like a regular email attachment.

-6-

hearing. Defendant never produced the thumb drive and later claimed it was "warped/damaged and cannot be used."

The court is satisfied that Defendant has repeatedly impeded discovery, impaired Plaintiff's pretrial efforts, misled the court and the Plaintiff, and caused months of needless delay and expense through these actions.

### 3. **<u>Terminating Sanctions are Appropriate.</u>**

Civil Rule 37(e)(2)[4] , incorporated by Fed. R. Bankr. P. 7037, provides for remedies if a court determines that a Defendant has intentionally destroyed electronic evidence that should have been preserved in anticipation of litigation, and it cannot be retrieved by other means. Those remedies include presuming the lost information was unfavorable to the party, or dismissing the action and entering a default judgment. Civil Rule 37(2)(2)(A) and (C). Likewise, Civil Rule 37(b)(2)(A) provides for the remedies similar to Civil Rule 37(e) if a party fails to comply with a court's discovery orders, including striking pleadings in whole or part if the court deems such remedy appropriate.

Courts also "have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Anheuser-Busch v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (quoting *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) Prior to imposing terminating sanctions such as default, a "court must weigh

---

[4] Unless specified otherwise, all "Civil Rule" references are to the Federal Rules of Civil Procedure.

-7-

several factors (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Anheuser-Busch v. Natural Beverage Distribs.*, 69 F.3d at 348; *Adriana Intl. Corp. v. Lewis & Co.*, 923 F.2d 1406, 1412 (9th Cir. 1990).

As described in some detail above, Defendant has spent months refusing to produce evidence, spoiling evidence, and openly refusing to comply with multiple discovery orders. The court has considered the necessary factors, and four of those factors weigh heavily in favor of entry of a default against the Defendant.

"Where a court order is violated, the first two factors support sanctions" and the fourth factor favoring decisions on the merits generally cuts against entering a default. *Adriana Intl. Corp. v. Lewis & Co.*, 923 F.2d at 1412. "Therefore, it is the third and fifth factors that are decisive." *Id.*

As to the third factor, "[f]ailure to produce documents as ordered . . . is considered sufficient prejudice" to the party seeking sanctions. *Id.* That is clearly the case here, Plaintiff has been repeatedly frustrated by Defendant's action and the third factor is satisfied.

As to the fifth factor, a court must consider three more factors prior to imposing terminating sanctions: (1) whether less drastic sanctions are feasible; (2) whether alternative sanctions were implemented prior to ordering terminating

-8-

sanctions; and (3) whether the court warned the party of the possibility of terminating sanctions before actually doing so. *Id.* at 1412-13.

Here, less drastic sanctions, such as assuming that any lost evidence was unfavorable to Defendant while allowing a full trial to proceed, are not feasible. This is a proceeding in which the onus is solely on the Plaintiff to prove all elements of willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6).[5] Without knowing what electronic evidence would have been presented, the court cannot simply presume the lost evidence was indeed defamatory. In this instance, striking Defendant's answer and allowing Plaintiff to seek a default judgment is the less drastic measure, in that Plaintiff still must prove her case to obtain the default judgment.

Alternative sanctions were not implemented prior to ordering terminating sanctions. Instead, the record shows the court gave Defendant many chances to comply with court orders, to no avail. The court has informed Defendant during hearings that it has the authority to order appropriate sanctions and take other actions to ensure compliance with discovery orders, which Defendant has acknowledged. In this instance, the court is satisfied that striking Defendant's answer is an appropriate response to repeated and egregious violations of the discovery process and the court's orders.

---

[5] Plaintiff did not challenge Defendant's right to a discharge, which was granted on September 10, 2024. Plaintiff's only source of recovery, if at all, will be a favorable ruling in this nondischargeability action.

-9-

### 4. Reasonable Expenses are Warranted.

Pursuant to Civil Rule 37(a)(5)(A), if the court issues an order compelling discovery compliance, the court must also order the payment of reasonable expenses to the party forced to seek such an order, unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Here, none of the exceptions to mandatory expenses apply. Plaintiff has demonstrated that she repeatedly attempted to work with Defendant to obtain necessary discovery responses prior to resorting to court intervention. There was no justification for Defendant's repeated defiance of court orders, especially after multiple hearings during which the Defendant agreed to provide requested materials. There are no other circumstances which make an award of expenses unjust, though the court warns Plaintiff that Defendant's financial status is unlikely to change, and chances of being paid on this award may be slim.

Nonetheless, an award of reasonable expenses is mandated by Civil Rule 37(a)(5)(A). Pursuant to Civil L.R. 37-4(b)(3) (incorporated into the Bankruptcy Local Rules by B.L.R. 1001-2(a)), counsel for Plaintiff shall file an application for attorney's fees that itemizes with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by Defendant's violation of Rule 37, and set forth an appropriate justification for any attorney-fee hourly rate claimed.

-10-

### B. The Rule 11 Motion.

Rule 11, incorporated by Fed. R. Bankr. P. 9011, requires that any signed document filed with the court be accurate and not filed for an improper purpose. Pursuant to Rule 11(b), by presenting any filing such as a motion to the court, the filer (including an unrepresented party) certifies that there is a genuine purpose for the filing; the claims or defenses are based in law; and any factual assertions or denials are warranted based on evidence or reasonable belief.

The Rule 11 Motion seeks sanctions for Defendant's failure to withdraw or correct the Motion for Summary Judgment ("MSJ") (Dkt. 120). Plaintiff requests those sanctions be imposed in the form of reasonable attorney fees to be paid to Plaintiff's attorney, and an additional penalty payable to the court.

The MSJ violated Rule 11(b). At the hearing on the MSJ, the court made clear that the MSJ would be denied because the facts set forth were internally contradictory, and illustrated that many disputed material issues of fact remained unresolved. The court further noted that the MSJ was actually another motion for a protective order (despite the court's previous denials of such requests) and consisted of arguments that had nothing to do with the Complaint and that "The defendant has to prove the facts. . . and you didn't, you didn't at all." (Dkt. 178, audio from October 24, 2025 hearing from 00:13:43 to 00:14:03 and 00:22:18 to 00:22:26). Defendant's MSJ was frivolous, dilatory, not based in the law or undisputed fact, and was not withdrawn despite a safe harbor warning from the Plaintiff.

Plaintiff properly complied with the safe harbor and other notice provisions of Rule 11(c)(1) and (2).  Sanctions are appropriate here.  The court imposes a penalty of $1000 payable to the court pursuant to Rule 11(c)(4)(A)(ii), and awards Plaintiff reasonable expenses, including attorney's fees, incurred for the Rule 11 Motion pursuant to Rule 11(c)(2)(C). Counsel for Plaintiff should file and serve an application regarding the reasonable attorney's fees and expenses incurred for the Rule 11 Motion.

### III.  CONCLUSION.

For the reasons set forth above, the court will grant the Motions.  The court is issuing concurrent Orders that grant each Motion; strike Defendant's answer and enter her default, vacate the trial currently scheduled for April 20, 2026 and replace the trial with a one-day prove up hearing; award reasonable attorney's fees for each Motion, and impose a penalty on Defendant of $1,000 payable to the court.

** END OF MEMORANDUM DECISION **

COURT SERVICE LIST

Blyth Andrea Butler-Lopez
PO Box 320113
San Francisco, CA 94132
bblopez805@gmail.com